IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

PIERRE JAWAYNE DAUGHTRY                                                    PLAINTIFF

VERSUS                                            CIVIL ACTION NO.  2:08cv124-KS-MTP

JOHNNIE DENMARK, ET AL.                                                   DEFENDANTS

**ORDER**

THIS MATTER is before the court on a motion to appoint counsel and for order moving plaintiff to another facility [15] filed by plaintiff.[1]  Having considered the motions and the entire record in this matter, the court finds and orders that the motion should be denied.

There is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915.  *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982);  *Salmon v. Corpus Christi ISD*, 911 F.2d 1165, 1166 (5th Cir. 1990).  Section 1915(e)(1) authorizes federal courts only to request that a particular attorney undertake the representation of a litigant proceeding *in forma pauperis*; it does not authorize the court to make coercive appointments of counsel.  *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989).  Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel.  *See Salmon*, 911 F.2d at 1166;  *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989);  *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).  A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances.  *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988);  *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987); *Feist v. Jefferson County Comm'rs Court*, 778 F.2d 250, 253 (5th Cir. 1985); *see also Ulmer v.*

---

[1] Although this document was filed by plaintiff as a response to a court order rather than a motion, because it seeks relief from the court it was docketed by the clerk -and shall be considered by the court - as a motion.

*Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations:  (1) the type and complexity of the case and (2) the abilities of the individual bringing it.  *See Freeze*, 849 F.2d at 175; *Good*, 823 F.2d at 66; *Feist*, 778 F.2d at 253; *see also Ulmer*, 691 F.2d at 212.     The United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to the plaintiff, but also possibly to the court and the defendant, through sharpening of issues, the shaping of the examination and cross-examination of witnesses, and, thus the shortening of trial and assisting in a just determination. *See Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986); *Feist*, 778 F.2d at 253; *see also Ulmer*, 691 F.2d at 213.  It is also appropriate for the court to consider whether the indigent plaintiff has demonstrated an inability to secure the assistance of private counsel, especially in view of the opportunity for a prevailing Section 1983 plaintiff to recover attorney's fees.  *See Cain*, 864 F.2d at 1242.

This Court is given considerable discretion in determining whether to appoint counsel. *Ulmer*, 691 F.2d at 211.  After consideration of the entire court record along with the applicable case law, the Court has determined that Plaintiff's pleadings are well presented and contain no novel points of law which would indicate the presence of  "exceptional circumstances."  Indeed, the complaint and other pleadings filed by plaintiff present rather straight-forward claims of excessive force, as well as violation of plaintiff's due process and equal protection rights relating to his termination from the Regimented Inmate Discipline (RID) program.  The issues are not complex or confusing and the motion simply does not justify or merit the appointment of counsel.

Therefore, counsel will not be appointed to the Plaintiff at this juncture of the proceedings. Upon completion of the initial case screening, the court will schedule an omnibus hearing to provide the plaintiff with assistance in obtaining relevant documentation, set discovery parameters and address other case management issues.

In his motion, plaintiff also requests a transfer from South Mississippi Correctional Institution (SMCI) to another facility, claiming that he fears for his life and safety at SMCI because he is being harassed by unnamed officers. However, plaintiff has no constitutional right to be incarcerated in a certain facility, even if life in one prison may be much more disagreeable than in another. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Steward v. Kelly*, 2006 WL 3825236, at * 4 (N.D. Miss. Dec. 27, 2006); *Ready v. Fleming*, 2002 WL 1610584, at * 3 (N.D. Tex. July 19, 2002); *Hines v. Cain*, 2007 WL 891880, at * 14 (E.D. La. Mar. 20, 2007). In addition, there is no evidence in the record to support plaintiff's allegations of being in danger. *See Basey v. Mooneyham*, 172 Fed. Appx. 582, 584 (5th Cir. Mar. 27, 2006) (denying request for injunction and prison unit transfer where no evidence in record to support plaintiff's allegation of being in "imminent danger" due to an alleged assault by prison officials); *Hines*, 2007 WL 891880, at * 14 (denying request for injunctive relief and transfer to another prison based on prisoner's fear of retaliation from prison officers because plaintiff's "wholly unsubstantiated allegations are the rankest form of speculation"). It is well-settled that prison officials are given wide latitude in the day-to-day operations of the prison system, and the courts are reluctant to interfere unless presented with substantial evidence of patently unreasonable conduct. *See Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979). Accordingly, plaintiff's request to be moved to another facility will be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED THAT plaintiff's motion to appoint counsel and for order moving plaintiff to another facility [15] is denied.

SO ORDERED and ADJUDGED this the 18th day of November, 2008.

s/ Michael T. Parker
United States Magistrate Judge
