**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**PIERRE JAWAYNE DAUGHTRY**                                                  **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO. 2:08cv124-MTP**

**WARDEN JOHNNIE DENMARK and**
**CAPTAIN DON LEWIS**                                                       **DEFENDANTS**

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on June 2, 2009. The Plaintiff appeared *pro se*, and the Defendants were represented by attorneys Pelicia Hall and Charles Irvin. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

**1. JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. The relevant events occurred while Plaintiff was incarcerated at South Mississippi Correctional Institution in Leakesville, Mississippi ("SMCI"), having been convicted of a felony. Plaintiff's claims were clarified by his sworn testimony during the *Spears* hearing;[2] accordingly, the following claims are pending

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Hurns v. Parker*, 165 F.2d 24, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

before the court:

Plaintiff claims that he was wrongfully removed from the Regimented Inmate Discipline (RID) Program[3] at SMCI. Specifically, Plaintiff alleges that he and another inmate got into a fight and as a result, he was expelled from RID by Defendant Don Lewis, a Captain at SMCI, as well as by Johnnie Denmark, a Warden at SMCI. Plaintiff claims that he was discriminated against on account of being African-American, as the other inmate with whom he had been fighting (who was white), was allowed to remain in RID. Plaintiff also alleges that Warden Denmark failed to fully investigate the situation and denied him due process because he would not let any witnesses speak on Plaintiff's behalf.

Plaintiff asserts a separate claim for use of excessive force against Captain Lewis, claiming that he assaulted him the week before he was terminated from RID. Plaintiff claims that he was hot and thirsty, so he refused to march in formation, and Captain Lewis then jumped on him and attacked him. Plaintiff conceded that he did not suffer any serious injuries as a result, but simply was bruised.

## 2. DISCOVERY ISSUES

Defendants shall produce to Plaintiff the following documents within thirty (30) days, to the extent that any additional documents exist within Defendants' possession, custody or control that were not already produced to Plaintiff at the omnibus hearing: all incident reports, RVRs, and ARP requests and responses to same, if any, relating to Plaintiff's termination from the RID

---

[3] According to the Mississippi Department of Corrections' website, RID "is a 'boot camp' program for first time offenders sentenced by the courts. Upon successful completion of RID, the sentencing court may suspend the remainder of the inmate's sentence and place him on probation."

program and relating to the alleged assault on Plaintiff by Captain Lewis.[4]

There are no other discovery matters pending at this time, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Fed. R. Civ. P. 26(b)(1). The parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

### 4. MOTIONS AND TRIAL

The deadline for the filing of motions (other than motions *in limine*) is July 31, 2009. Upon expiration of the motions deadline and a ruling on any such motions, the court will set the matter for trial as appropriate.

IT IS, THEREFORE ORDERED:

1. Defendants shall produce to Plaintiff the following documents within thirty (30) days, to the extent that any additional documents exist within Defendants' possession, custody or control that have not already been produced at the omnibus hearing: all incident reports, RVRs, and ARP requests and responses to same, if any, relating to Plaintiff's termination from the RID program and relating to the alleged assault on Plaintiff by Captain Lewis.

2. The clerk of the court shall forward to Plaintiff a copy of the Complaint [1], the Answer [16], and the court's November 18, 2008 Order [18], as requested by Plaintiff at the omnibus hearing.

3. The deadline for the filing of motions (other than motions *in limine*) is July 31, 2009.

---

[4] At the omnibus hearing, counsel for Defendants produced to Plaintiff a copy of MDOC's RID policy, as well as what they believed to be were all MDOC records pertaining to Plaintiff while he was in the RID program.

4. This order may be amended only by a showing of good cause.

5. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to the plaintiff.

SO ORDERED AND ADJUDGED this the 3rd day of June, 2009.

s/ Michael T. Parker
United States Magistrate Judge