IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

PIERRE JAWAYNE DAUGHTERY                                            PLAINTIFF

VS.                                          CIVIL ACTION NO. 2:08cv124-MTP

WARDEN JOHNNIE DENMARK and
CAPTAIN DON LEWIS                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendants' Motion for Summary Judgment [27]. Plaintiff has not responded to the motion.[1] Having reviewed the motion, the entire record in this case and the applicable law, for the reasons set forth below the court finds that the motion is well-taken and should be granted and that Plaintiff's claims against Defendants should be dismissed with prejudice.[2]

## FACTUAL BACKGROUND

Plaintiff, an inmate currently incarcerated at South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi, filed this lawsuit pursuant to 42 U.S.C. § 1983 on June 11, 2008. Plaintiff is proceeding *pro se* and *in forma pauperis*. Plaintiff's claims, as clarified by his sworn testimony at an omnibus hearing held on June 2, 2009, pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985),[3] are the following:

---

[1] Defendants filed their motion on August 17, 2009. On September 10, 2009, when Plaintiff had not responded to the motion, the court entered an Order [29] directing Plaintiff to respond by September 28, 2009; otherwise, Plaintiff was warned, the motion would be considered and ruled upon without his response.

[2] The parties having consented to disposition by the Magistrate Judge and the District Judge having entered an Order of Reference [23], the court is authorized to enter final judgment pursuant to 28 U.S.C. § 636 (c)(1), Fed. R. Civ. P. 73 and Local Rule 73.1.

[3] *See Hurns v. Parker*, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

Plaintiff claims that he was wrongfully removed from the Regimented Inmate Discipline (RID) Program[4] at SMCI. Specifically, Plaintiff alleges that he and another inmate got into a fight and as a result, he was expelled from RID by Defendant Don Lewis, a Captain at SMCI, as well as by Defendant Johnnie Denmark, a Warden at SMCI. Plaintiff claims that he was discriminated against on account of being African-American, as the other inmate with whom he had been fighting (who was white), was allowed to remain in RID. Plaintiff also alleges that Warden Denmark failed to fully investigate the situation and denied him due process because he would not let any witnesses speak on Plaintiff's behalf. Plaintiff claims that he was removed from RID without receiving a Rule Violation Report or a disciplinary hearing. As a result of his removal from RID, Plaintiff now will serve the remainder of his sentence in the general population at SMCI.

Plaintiff asserts a separate claim for use of excessive force against Captain Lewis, claiming that he assaulted him the week before he was terminated from RID. Plaintiff claims that he was hot and thirsty, so he refused to march in formation, and Captain Lewis then jumped on him and attacked him. Plaintiff conceded that he did not suffer any serious injuries as a result, but was simply bruised. Plaintiff did not seek any medical treatment.

STANDARD FOR SUMMARY JUDGMENT

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper "where a party fails to establish the

---

[4] According to the Mississippi Department of Corrections' website, RID "is a 'boot camp' program for first time offenders sentenced by the courts. Upon successful completion of RID, the sentencing court may suspend the remainder of the inmate's sentence and place him on probation." Plaintiff entered the RID program on March 3, 2007 and was terminated on June 20, 2007. *See* Exhs. A & B to Motion for Summary Judgment.

existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988). "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## ANALYSIS

### Discrimination

Plaintiff alleges that he was discriminated against on account of his race, because he was

terminated from the RID program for fighting with a white inmate, while the white inmate was allowed to remain.

The Equal Protection Clause of the Fourteenth Amendment demands that persons similarly situated be treated equally. *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). In order to state a claim under the Equal Protection Clause, Plaintiff must show "that a state actor intentionally discriminated against him because of his membership in a protected class." *Id.* at 705 (internal quotation omitted).

Contrary to Plaintiff's allegations, the record shows that Plaintiff was terminated from the RID program for cause, rather than as a result of racial discrimination. Captain Lewis, Commander of the RID Program, as well as Warden Denmark, aver that Plaintiff was terminated from the RID program for assaulting another offender on June 14, 2007. *See* Lewis Aff. ¶ 5; Denmark Aff. ¶ 5 (Exhs. A & B to Motion for Summary Judgment). Captain Lewis and Warden Denmark both aver that the decision to terminate Plaintiff was made by Classification Hearing Officer Florence Jones because of Plaintiff's "non-conformance to the program following the fight..., [and] not because of any other reason such as his race." *See* Lewis Aff. ¶ 7; Denmark Aff. ¶ 7. Indeed, Plaintiff was written up for disciplinary infractions on four occasions between March 3, 2007, when Plaintiff entered the RID program, and June 20, 2007, when he was ultimately terminated for fighting another inmate.[5] *See id.*; *see also* Exhs. C, D & E to Motion for Summary Judgment. Plaintiff's conclusory allegation that he was terminated from the RID

---

[5] On March 23, 2007, Plaintiff received an Incident Report for talking during latrine call and disobeying a direct order of a staff member. On June 14, 2007, Plaintiff received an Incident Report for fighting with another inmate and refusing to stop when ordered. On June 16, 2007, Plaintiff received an Incident Report for talking when asked not to by a staff member. On June 18, 2007, Plaintiff received an Incident Report for entering the RID unit without staff permission. *See* Exh. C to Motion for Summary Judgment. Apparently, prior to being terminated, Plaintiff had previously been "recycled out" of the RID program due to non-conformance, but was ultimately terminated after the fight on June 14 , 2007. *See* Exhs. A, B & E to Motion for Summary Judgment.

program because of his race is simply not enough to state a constitutional claim.[6] *See McKnight v. Eason*, 227 Fed. Appx. 356, 356 (5th Cir. May 4, 2007) (holding that plaintiff's conclusory allegations of racial discrimination at prison were insufficient to state a cognizable equal protection claim); *see also Nance v. New Orleans & Baton Rouge Steamship Pilots Ass'n*, 174 Fed. Appx. 849, 854 (5th Cir. Apr. 10, 2006) (plaintiff's "unsubstantiated, vague assertions" of unequal treatment were insufficient to state equal protection claim). Accordingly, Defendants are entitled to summary judgment on this claim.

Due process

Plaintiff alleges that Warden Denmark failed to fully investigate the situation and denied him due process because he would not let any witnesses speak on Plaintiff's behalf. Plaintiff claims that he was not given an RVR or a disciplinary hearing before he was terminated from the RID program.

"[T]he Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) (citing *Sandin v. Conner*, 115 S.Ct. 2293, 2297 (1995)). Rather, the liberty interests which are protected by the Due Process Clause "are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Id.* (citing *Sandin*, 115 S.Ct. at 2297); *see also Thompson v. Cockrell*, 263 F.3d 423, 425 (5th Cir. 2001) ("Only those state-created substantive interests that 'inevitably affect the duration of [a prisoner's] sentence' may qualify for constitutional protection") (citing *Sandin*, 515 U.S. at 484) (brackets in original); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) (stating that after *Sandin*, "it is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth

---

[6] Again, as noted *supra*, Plaintiff has failed to respond to the Motion for Summary Judgment.

5

qualify for constitutional 'liberty' status.").

Thus, Plaintiff has no protected liberty interest in his security classification, and has no constitutional right to facility privileges. *See Wilkerson v. Stadler*, 329 F.3d 431, 435-36 (5th Cir. 2003) (stating that the Fifth Circuit "has continued to hold post-*Sandin* that an inmate has no protectable liberty interest in his classification"); *Wilson v. Bundy*, 976 F.2d 957, 958 (5th Cir. 1992) (citing *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.1988)) ("A prison inmate does not have a protectable liberty or property interest in his custodial classification."); *Williams v. Geo Group, Inc.*, 2008 WL 2724889, at *1 (S.D. Miss. July 10, 2008) ("The classification of Plaintiff in a certain level of custody and the loss of prison privileges are not an 'atypical and significant hardship' of prison life."); *see also Bourrage v. State*, 785 So. 2d 1096, 1098 (Miss. Ct. App. 2001), *reh'g denied*, Sept. 25, 2001 ("the classification of inmates is the responsibility of the Mississippi Department of Corrections .... [and] an inmate has no liberty interest in his custody classification." (quoting *Carson v. Hargett*, 689 So. 2d 753, 754 (Miss. 1996)); *Craft v. State*, 766 So. 2d 92, 95 (Miss. Ct. App. 2000) (inmate's termination from RID program does not implicate due process interests).

Pursuant to the case law set forth above, Plaintiff's change in custodial classification and placement back into the general population are not an "atypical and significant hardship" of prison life, and do not implicate the Due Process Clause. Therefore, Plaintiff's claim he was denied due process in connection with his removal from the RID program is not cognizable.[7] *See Sandin*, 515 U.S. at 483-84; *Wilson*, 976 F.2d at 958; *Williams*, 2008 WL 2724889, at *1. Further, plaintiff does not have a constitutional right to a grievance procedure, and has no due

---

[7] Moreover, the Mississippi Supreme Court has held that "no statutory nor constitutional rights are violated if the Department of Corrections does not afford an inmate a hearing prior to terminating him from the RID program...because there is not a legitimate, protected expectation of release on probation." *Craft v. State*, 766 So. 2d 92, 95 (Miss. Ct. App. 2000) (citing *Smith v. State*, 580 So. 2d 1221, 1226 (Miss. 1991)).

process liberty interest right to having his grievance resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005); *Jones v. Shabazz*, 2007 WL 2873042, at *21 (E.D. Tex. Sept. 28, 2007). Accordingly, Plaintiff's due process claims should be dismissed with prejudice.

Excessive force

Finally, Plaintiff alleges that Defendant Lewis used excessive force when he assaulted Plaintiff for refusing to march in formation.

When prison officials are accused of using excessive force in violation of the Eighth Amendment, "the *core judicial inquiry* is . . . whether force was applied *in a good-faith effort to maintain or restore discipline*, *or maliciously and sadistically to cause harm.*" *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The Eighth Amendment's "prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *See Copeland v. Nunan*, 2001 WL 274738, at *2 (5th Cir. Feb. 21, 2001) (quoting *Hudson*, 503 U.S. at 1) (internal quotations and citations omitted).

Some of the relevant objective factors in the inquiry of the application of excessive force include: "1) the extent of the injury suffered; 2) the need for the application of force; 3) the relationship between the need and the amount of force used; 4) the threat reasonably perceived by the responsible officials; and 5) any efforts made to temper the severity of the forceful response." *Baldwin*, 137 F.3d at 838-39 (internal citations omitted).

Even assuming that Defendant Lewis used force on Plaintiff,[8] and even assuming that his use of force was not applied in a good faith effort to restore discipline, based on the extent of the

---

[8] Defendant Lewis vehemently denies ever assaulting Plaintiff while he was in the RID program. *See* Lewis Aff. ¶ 10.

7

alleged injury suffered by Plaintiff the court concludes that it was a *de minimis* use of physical force. Plaintiff conceded at the *Spears* hearing that he did not suffer any serious injuries as a result of the alleged assault, but was simply bruised, and he did not seek any medical treatment. Accordingly, Plaintiff's allegations do not rise to the level of an Eighth Amendment violation. *See Copeland*, 2001 WL 274738, at *2; *Lee v. Wilson*, 2007 WL 2141956, at *1 (5th Cir. July 26, 2007) (affirming dismissal of claims for excessive force and denial of adequate medical treatment because injury to plaintiff's lip was *de minimis*)*; Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (affirming dismissal of prisoner's excessive force claim, holding that prisoner's sore bruised ear was *de minimis* injury).

Qualified Immunity

Although Defendants have raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant[s][are] entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999). Thus, because the court has found that Plaintiff has failed to establish his claims against Defendants, it need not reach the question whether Defendants are entitled to qualified immunity. *Wells*, 45 F.3d at 93.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment [27] is granted and Plaintiff's claims against Defendants are dismissed with prejudice. A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED on this the 21st day of October, 2009.

s/ Michael T. Parker
United States Magistrate Judge